# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 2:07-CV-276 |
| NICHIA CORPORATION and § | |
| NICHIA AMERICA CORPORATION, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Nichia America Corporation's ("Nichia America") Motion to Transfer this case for Lack of Personal Jurisdiction pursuant to 28 U.S.C. §§1406(a) and 1631, to the United States District Court for the Eastern District of Pennsylvania. (Docket Entry #11). Defendant Nichia Corporation ("Nichia Japan") has filed a statement of non-opposition to Nichia America's Motion to Transfer (Docket Entry #13). After carefully considering the parties' written submissions, Defendant Nichia America's motion is DENIED for the reasons set forth in this opinion.

**I.      Background**

In their Complaint, Plaintiff Seoul Semiconductor Company ("SSC") alleges that Defendants Nichia America and Nichia Japan infringe United States Patent NoS. 5,146,465 ("the '465 patent") and U.S. Patent No. 5,321,713 ("the '713 patent"). Both patents are directed generally to gallium nitride (GaN) based laser diodes. Plaintiff SSC is a Korean corporation with its principal place of business in Seoul, Korea. Defendant Nichia Japan is a Japanese corporation and its headquarters are located in Tokushima, Japan. Its American subsidiary and co-defendant Nichia America is a

Pennsylvania corporation having its headquarters in Mountville, Pennsylvania.

## II.     Discussion

### A.     Personal Jurisdiction

In patent infringement actions, personal jurisdiction is governed by Federal Circuit law. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194 (Fed. Cir. 2003). The existence of personal jurisdiction over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997). Texas' long-arm statute extends to the limits of due process, *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000); therefore, the two inquires collapse into a single inquiry of whether the exercise of personal jurisdiction comports with due process. *See Dainippon Screen Mfg. Co., Ltd. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).

There are two types of personal jurisdiction: specific and general. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). Specific jurisdiction requires that the plaintiffs' claims arise from or relate to the defendant's contacts with the forum. *Silent Drive*, 326 F.3d at 1200. The Federal Circuit has held that in order to satisfy due process in a patent case, any question of personal jurisdiction must take into account three factors: (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is "reasonable and fair". *Id.* at 1202.

Here, the Defendant Nichia America admits to sale of LEDs in this district. *Defendant's Reply*, p. 2. Defendant however contends that these products are not covered by the patents at issue

and therefore these sales may not be considered in establishing personal jurisdiction over it. *Id.* In *Akro*, the Federal Circuit has however allowed the use of unrelated products sales in deciding on personal jurisdiction. *See Akro Corp. v. Luker*, 45 F.3d 1541, 1547-48 (Fed. Cir. 1995). The Federal Circuit cited with approval the decision in *B & J Mfg. v. Solar Indus.*, 483 F.2d 594 (8th Cir.1973), wherein the Eight Circuit had found personal jurisdiction based upon, among other things, that defendant's sale of products other than the one covered by the patent at issue to consumers in Minnesota. *Id.* Here, in addition to the sale of LED products, Nichia America, along with Nichia Japan, maintains a website that enables customers across the United States to buy the allegedly infringing laser diode products. Defendant Nichia America contends that the website is maintained by Nichia Japan, and that Nichia America only sells non-infringing LED products from a microsite portion of that website. *Defendant's Reply*, p. 3. It argues that the link on its microsite that enables customers to obtain information about the allegedly infringing products is mere advertising. *Id.* This court is not persuaded by the Defendant's arguments. As the Plaintiff points out, the domain is registered to Nichia America. *Plaintiff's Response*, p. 9. From the user's perspective, the microsite appears to be an integral part of the entire website rather than a separate site that simply contains an advertisement for Nichia Japan. It allows customers to order products online and contact Nichia America for support issues. The website is more than just a passive site and provides sufficient interactivity to satisfy the minimum contacts requirement. *See AdvanceMe, Inc. v. Rapidpay LLC*, 450 F.Supp.2d 669, 673 (E.D. Tex. 2006) ("A website whose owners engage in repeated online contacts with forum residents through the site will likely satisfy the minimum contacts requirement."(quoting *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002)). Accordingly, Nichia America's website, combined with its sale of products in the Eastern District of Texas, is

3

sufficient to allow the exercise of specific jurisdiction in the Eastern District of Texas.

The next inquiry is whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice," i.e., whether it is reasonable under the circumstances of the case. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The "reasonableness" analysis is guided by the following factors: (1) the burden that the exercise of jurisdiction will impose on the defendant, (2) the interests of the forum state in adjudicating the case, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, and (5) the shared interest of the states in furthering substantive social policies. *Asahi Metal Ind. Co., Ltd. v. Superior Ct. of Cal., Solano City*, 480 U.S. 102, 113-14, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Here, Defendant Nichia America actively seeks business in Texas both through traditional channels as well as through the internet. It is consistent with traditional fairness considerations for this court to exercise personal jurisdiction over Nichia America.

**B.     Venue is Proper**

Venue in a patent case is governed by §1400(b) which states that a suit for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. §1400(b). The "first test for venue under §1400(b) with respect to a defendant that is a corporation, in light of the 1988 amendment to §1391(c), is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). As discussed above, this court has jurisdiction over Defendant Nichia America based on its sale activities in the Eastern District

of Texas. Therefore, venue is proper in the Eastern District of Texas.

## III. Conclusion

For the reasons stated above, this court has jurisdiction over the Defendant and venue is proper in this District. Accordingly, Defendant's Motion to Transfer Venue for Lack of Personal Jurisdiction is DENIED.

SIGNED this 10th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE